IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**MARY BONNER, administrator of the Estate
of Barry Bonner**

**Plaintiff,**

**vs.**

**UNION PACIFIC RAILROAD COMPANY,
JOHN CLEMONS, and other unknown railroad policemen,**

**Defendants.**                                                        **No.  06-226-DRH**

## MEMORANDUM & ORDER

**HERNDON, District Judge:**

### I.  Introduction

On December 5, 2005, Plaintiff Mary Bonner filed the present complaint in the Circuit Court for the Twentieth Judicial Circuit, St. Clair County, Illinois against Union Pacific Railroad Company ("Union Pacific"), John Clemons, and other unknown railroad policemen. **(Doc. 2)**.  On March 29, 2006, Defendants removed the case based on this Court's diversity jurisdiction.  **(Doc. 5)**.  On November 15, 2006, Plaintiff filed a Motion to Amend **(Doc. 13)** and a Motion to Remand **(Doc. 14)** the case back to state court after amending her complaint to include the Southwestern Illinois Law Enforcement Commission ("SILEC") as a Defendant.  On November 22, 2006, Defendants filed a Response in Opposition to Remand, arguing SILEC was fraudulently joined and its citizenship should be disregarded for purposes of the Court's jurisdiction.  **(Doc. 17)**.

Now before the Court is Plaintiff's Motion to Amend and Motion to Remand. **(Docs. 13,14)**.  For the reasons set forth below, the Court denies Plaintiff's Motion to Amend and Motion to Remand.

## II.     Background

Defendant Union Pacific maintains railroad tracks in Illinois.  **(Doc. 17-1)**. Defendant Clemons is a police officer who Union Pacific employed to patrol the railroad under McArthur Bridge in East St. Louis.  ***Id.***   Defendant SILEC is a Illinois corporation that conducts law enforcement programs.  ***Id.***  Plaintiff alleges that on the night in question, Officer Clemons negligently shot and killed her husband Barry Bonner.  **(Doc. 2)**.

Count I alleges that Defendant Union Pacific is liable for wrongful death and negligence as Officer Clemons was an employee of Union Pacific and acting within the scope of his employment during the night in question.  **(*Id.* at p. 1-3)**.  Count II asserts negligence and wrongful death claims against Officer Clemons, alleging that he wrongfully followed the deceased to his home and shot him without lawful justification.  **(*Id.* at p. 4-5)**.  Count III makes the same allegations against the other officers present that night.  **(*Id.* at p. 6-8)**.  On November 15, 2006, Plaintiff sought to amend her complaint to include an additional count against SILEC, alleging the company negligently trained Officer Clemons and therefore contributed to Barry Bonner's death.  **(Doc. 13)**.

III.     **Analysis**

The removal statute, **28 U.S.C. § 1441**, is construed narrowly, and doubts concerning removal are resolved in favor of remand.  ***Doe v. Allied-Signal, Inc.,* 985 F.2d 908, 911 (7th Cir. 1993)**.   Although a plaintiff is normally free to choose its own forum, it may not join an in-state defendant solely for the purpose of defeating federal diversity jurisdiction.  ***Gottlieb v. Westin Hotel,* 990 F.2d 323, 327 (7th Cir. 1993)**.   Such joinder is considered fraudulent, and is therefore disregarded, if the out-of-state defendant can show there exists no "reasonable possibility that a state court would rule against the [in-state] defendant."  ***Schwartz v. State Farm Mut. Auto Ins. Co.,* 174 F.3d 875, 878 (7th Cir. 1999)**.   An out-of-state defendant who wants to remove must bear this heavy burden of showing the plaintiff cannot establish a cause of action against the in-state defendant to establish fraudulent joinder.  ***Poulos v. Naas Foods, Inc.,* 959 F.2d 69 (7th Cir. 1992)**.

Defendants argue that Plaintiff is attempting to fraudulently join SILEC in the action in order to destroy diversity.  **(Doc. 17-1 p. 4-15).**   Without the addition of SILEC as a party, complete diversity exists between the parties.  **(*Id.* at p. 2)**.   Plaintiff is a resident of Illinois, Officer Clemons is a resident of Missouri, and Union Pacific is incorporated in both Delaware and Nebraska.  ***Id.***

3

Defendants assert that Plaintiff cannot establish a cause of action against SILEC under Illinois law, rendering the joinder of SILEC fraudulent. **(Doc 17-1 p. 4-15).** In the case of ***Schwartz v. State Farm Mutual Insurance Co.***, the Seventh Circuit conducted three primary inquiries to determine if a cause of action could be asserted against the non-diverse party for the bad faith denial of an insurance claim. ***Schwartz v. State Farm Insurance Co.***, **174 F.3d 875, 878 (7th Cir. 1999)**. The court first considered whether the state in which the action accrued recognized such a cause of action and found that it did not. ***Id.*** It then asked whether a court within the state would recognize a duty that the insurance agent owed to the Plaintiff and found it would likely not recognize any such duty. ***Id.*** Finally, it evaluated whether the Plaintiff had produced any facts that would tend to establish a case of a bad faith denial of an insurance claim and found Plaintiffs had presented no facts to prove such a claim. ***Id.*** Other Seventh Circuit cases have used similar factors to determine whether a possible cause of action exists. ***See Poulos, 959 F.2d at 73-74; Gottlieb, 990 F.2d at 327-329.***

In this case, the Court finds that allowing Plaintiff to amend her complaint to join SILEC would constitute fraudulent joinder. Unlike ***Schwartz***, a cause of action for negligent supervision or training does exist in the state of Illinois. ***Lloyd v. County of Du Page***, **707 N.E.2d 1252, 1259 (2d Dist. 1999)**. However, in its motion to amend, Plaintiff fails to assert any facts that would tend to establish a cause of action for negligence against SILEC. **(Doc. 15)**. The

Illinois Supreme Court has held that a Plaintiff in a negligence action cannot recover unless the Defendant has breached a duty owed to the Plaintiff. *Lane v. City of Harvey, 533 N.E.2d 75, 78 (1st Dist. 1998) (citing Mieher v. Brown, 54 Ill.2d 539, 544-45 (Ill. 1973)).* Plaintiff neither alleges that SILEC owed a duty to the deceased nor offers any material facts that would indicate a breach of duty. **(Doc. 15)**.

Illinois law has also established that a negligent training action is inappropriate where there is "no duty to control the conduct of the third person to such a degree as to prevent him from causing physical harm to another." *Martin v. Usher, 371 N.E.2d 69, 70 (1st Dist. 1977).* To establish this duty, "a special relationship must exist between the actor and the other." *Id.* The court followed the Restatement in its recognition of examples of a special relationship; carrier-passenger, innkeeper-guest, employer-employee. *Id.* Therefore, in the instant case, as plaintiff has failed to assert any such relationship existed between Officer Clemons and SILEC or between Plaintiff and SILEC, an Illinois court would likely not recognize a duty here. **(Doc. 13, 14, 15)**.

Plaintiff has also failed to establish any facts that would tend to establish SILEC engaged in negligent training of John Clemons regarding firearm techniques, the use of deadly force, or first aid techniques as it claims. *Id.* Plaintiff has failed to allege any duty that SILEC owed either to Officer Clemons or to her. *Id.* Furthermore, the SILEC programs Officer Clemons has engaged in do

5

not involve any training pertaining to firearms, deadly force, or first aid techniques. **(Doc. 17-1 p. 11-12)**.  Plaintiff also fails to provide evidence that faulty instruction was given by SILEC or that such instruction was the proximate cause of the death of Barry Bonner.  **(Doc. 15)**.  In a case of negligent training, the Plaintiff must provide some evidence that such training is a proximate cause for the injury sustained.  ***Lane, 533 N.E.2d at 79; McCormick v. Maplehurst Winter Sports, 519 N.E.2d 469, 473 (2d Dist. 1988).***  Plaintiff has failed to present evidence of a duty owed by SILEC, a breach of such duty, or that this breach contributed to the death of Barry Bonner.  **(Doc. 13, 14, 15)**.  Therefore, the Court cannot say that there is any reasonable possibility that the state court would rule against SILEC or an Illinois appellate court would reverse its ultimate decision to dismiss SILEC from the case.

**IV.**   **Conclusion**

The Court **DENIES** Plaintiff's motion to amend **(Doc. 13)**.  Plaintiff may not join SILEC as a defendant in this matter.  Therefore, complete diversity still exists.  Accordingly, Plaintiff's motion to remand **(Doc. 14)** is **DENIED**.

**IT IS SO ORDERED.**

Signed this 6th day of March, 2007.

/s/        David  RHerndon
**United States District Judge**